## In re YERKS' ESTATE.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. WILLS—SUBMISSION OF CONTROVERSY—INSUFFICIENT STATEMENT—CONTINUANCE.

Where, on the submission of a controversy between certain persons interested in a testator's estate, there was no statement as to whether the direction·in the will to sell certain real estate in controversy had been carried out·in the will to sell certain real estate in controversy had been carried out, and no sufficient facts were stated to indicate the basis of the claim of one of the contestants to the entire farm belonging to testator in case the court should find that the title of another claimant had not been established, 'the case will be continued for a single term, to enable the parties to file an additional statement. as authorized by Code Civ. Proc. § 1281.

2. SAME—DESIGNATION OF PARTIES.

On submission of a controversy to the Appellate Division, one of the parties should be designated as the plaintiff and the other as the defendant, and the claim of each set forth in the nature of a prayer for judgment, so as to permit the application of Code Civ. Proc. § 1280, declaring that after the filing of the submission the controversy becomes an action, subject to each provision of law relating to proceedings in an action.

Submission of controversy between Sarah M. Clark and Adaline Yerks Van Alstyne as to the share of Sarah M. Clark in the real estate of testator John F. Yerks, and the proceeds of the sale of a portion of his real estate received by George W. Yerks, as executor of the estate of John F. Yerks, deceased. Proceeding continued for additional statement.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John H. Ferguson, for Sarah M. Clark.
William L. Visscher, for Adaline Yerks Van Alstyne.

WILLARD BARTLETT, J. This matter has been submitted once before, and the proceeding was dismissed because the case contained no stipulation as to the nature or form of the judgment to be rendered. A stipulation on that subject has now been inserted, but the submission is still so defective that the court is unable to render judgment upon it. There is no statement as to whether the direction to sell, contained in the ninth clause of the will, has ever been carried out, nor are any facts set forth sufficient to indicate the basis of Mrs. Van Alstyne's claim to be entitled to the whole of the farm in case the court shall find that

Mrs. Clark has not established her title. Furthermore, in a submission of this kind, one of the parties should be designated as the plaintiff and the other as the defendant, and the claim of each, in the nature of a prayer for judgment, should be set forth. Otherwise, the provision of section 1280 of the Code, declaring that the controversy becomes an action after the filing of the submission, and that each provision of law relating to a proceeding in an action then becomes applicable, cannot possibly be carried out. In view of these defects, we will refrain from disposing of the matter until the next term of court, in order to give the parties an opportunity to file an additional statement, under section 1281. If this is not done during the present term, the proceeding will have to be dismissed.

All concur.